**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Zhen Hui Li, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 16-cv-6185 |
| - vs. – | **COMPLAINT** |
| Legend 72, LLC, Jia Xing Yang, and Sizhi Li, | |
| Defendants. | |

Plaintiff Zhen Hui Li, by and through his undersigned attorneys, for his complaint against defendants Legend 72, LLC, Jia Xing Yang, and Sizhi Li, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff  Zhen  Hui  Li  alleges  on  behalf  of
himself  and  on  behalf  of  other  similarly  situated  current
and  former  employees  of  defendants  Legend  72,  LLC,  Jia  Xing
Yang,  and  Sizhi  Li,  who  elect  to  opt  into  this  action
pursuant  to  the  Fair  Labor  Standards  Act  ("FLSA"),  29
U.S.C.  §  216(b),  that  they  are  entitled  to:  (i)  unpaid
wages  from  defendants  for  overtime  work  for  which  they  did
not  receive  overtime  premium  pay  as  required  by  law;  and
(ii)  liquidated  damages  pursuant  to  the  FLSA,  29  U.S.C.  §§
201  et  seq.,  because  defendants'  violations  lacked  a  good
faith  basis.

2.    Mr.  Li  further  complains  that  he  is  entitled  to
(i)  back  wages  for  overtime  work  for  which  defendants
willfully  failed  to  pay  overtime  premium  pay  as  required  by
the  New  York  Labor  Law  §§  650  et  seq.  and  the  supporting
New  York  State  Department  of  Labor  regulations;  (ii)
compensation  for  defendants'  violations  of  the  "spread  of
hours"  requirements  of  New  York  Labor  Law;  (iii)  liquidated
damages  pursuant  to  New  York  Labor  Law  for  these
violations;  and  (iv)  compensation  for  defendants'
violations  of  the  Wage  Theft  Prevention  Act.

## THE PARTIES

3.   Plaintiff Mr. Li is an adult individual residing in New York, New York.

4.   Mr. Li consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Legend 72, LLC (hereinafter "Legend 72") is a New York corporation with a principal place of business at 127 W. 72nd Street, New York, New York.

6.   At all relevant times, defendant Legend 72 has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.   Upon information and belief, at all relevant times, defendant Legend 72 has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant Legend 72 has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant Legend 72 has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant Jia Xing Yang is an owner or part owner and principal of Legend 72, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.  Defendant Jia Xing Yang was involved in the day-to-day operations of Legend 72 and played an active role in managing the business.

12.  Upon information and belief, defendant Sizhi Li is an owner or part owner and principal of Legend 72, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.  Defendant Sizhi Li was involved in the day-to-day operations of Legend 72 and played an active role in managing the business.

14.  For example, Jia Xing Yang hired Mr. Li and set his pay and schedule, while Sizhi Li actually issued Mr. Li's paychecks each week.

15.  Defendants constituted "employers" of Mr. Li as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Li's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.  Pursuant to 29 U.S.C. § 207, Mr. Li seeks to prosecute his FLSA claims as a collective action on behalf of himself and a collective defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 29, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt restaurant employees within the meaning of the FLSA, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.  The Collective Action Members are similarly situated to Mr. Li in that they were employed by defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

20.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

21.   Mr. Li and the Collective Action Members perform or performed the same primary duties, and were subjected to the same policies and practices by defendants.

22.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

23.   At all relevant times herein, defendants owned and operated a Chinese restaurant in Manhattan.

24.   Mr. Li was employed at Legend 72 from approximately February 2014 through July 2016.

25.   Mr. Li has been employed as a kitchen helper throughout his employment at Legend 72.

26.   Mr. Li's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27.   At all relevant times herein, Mr. Li was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28.  Mr. Li has worked six days per week, between 9½ and 10½ hours per day, throughout his employment at Legend 72.

29.  As a result, he worked roughly 60½ hours each week of his employment.

30.  Defendants did not provide a time clock, computer punch, timesheets, or any other method for Mr. Li or other employees to track or record their time worked.

31.  Mr. Li was paid weekly.  Until roughly March 2015, Mr. Li was paid at a monthly salary of $2,500, and commencing in March 2015, he received a raise to $2,600 per month.

32.  These amounts did not vary based on the precise number of hours he worked in a day, week, or month.

33.  Mr. Li was paid partly in cash and partly by check each week during his employment.

34.  He received paystubs with his pay, but the paystubs reflected only the check portion of his pay; they did not accurately list his total regular or overtime hours worked or regular or overtime pay.

35.  Defendants failed to pay Mr. Li any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

36.   Defendants' failure to pay Mr. Li the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

37.   Mr. Li worked six shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

38.   Defendants failed to provide Mr. Li with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

39.   Defendants failed to provide Mr. Li with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

40.   Upon information and belief, throughout the period of Mr. Li's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other

individuals like Mr. Li (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

41. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

44. Upon information and belief, these other individuals were not provided with accurate required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Upon information and belief, while defendants employed Mr. Li and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

46. Mr. Li, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Mr. Li and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of defendants' willful failure to compensate their employees, including Mr. Li and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in

excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to defendants' FLSA violations, Mr. Li and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

52. Mr. Li repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Mr. Li was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Mr. Li's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each

hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to defendants' New York Labor Law violations, Mr. Li is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

57. Mr. Li repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Li was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Li's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting longer than ten

hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

60. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to defendants' New York Labor Law violations, Mr. Li is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Wage Theft Prevention Act)**

62. Mr. Li repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Li was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Mr. Li's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

65.   Defendants willfully violated Mr. Li's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

66.   Due to defendants' New York Labor Law violations relating to the failure to provide accurate paystubs, Mr. Li is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

67. 70.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Li is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Li respectfully requests that this Court grant the following relief:

   a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Li and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Statutory damages for defendants' violations of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 28, 2016

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Vincent S. Wong (VW 9016)
LAW OFFICES OF VINCENT S. WONG
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by LEGEND 72, LLC and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

ZHEN HUI LI
Full Legal Name (Print)

*ZHEN HUI LI*
Signature

7/14/2016
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.